IN THE CIRCUIT COURT FOR HOUSTON COUNTY
AT ERIN, TENNESSEE

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2024-CV-4 |
| ) | JURY DEMAND |
| COREY BUCCIARELLI, ) | |
| THE HOUSTON COUNTY BOARD ) | |
| OF EDUCATION, KRIS McASKILL, ) | |
| Officially and Individually, MARK ) | |
| BEAL, Officially and Individually, ) | |
| ANDREA MARTIN, ) | |
| Officially and Individually, ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

### INTRODUCTION

1. Jane Doe is an Assistant Principal with Houston County Middle School, who constantly strives to teach and develop the children who attend.[1] When Jane Doe began her career as an English Language Arts teacher with Houston County Schools, she willingly dedicated herself to serving the children of Erin and the surrounding area. In her service to Houston County Schools, Jane Doe did not surrender her right to be free from harassment and assault in her workplace.

2. Nevertheless, despite multiple warnings to Defendant Houston County Board of Education ("Houston County" or "Houston County Schools"), Jane Doe has been subjected to multiple sexual assaults on the campus of Houston County Middle School by former teacher Corey Bucciarelli ("Bucciarelli" or "Defendant Bucciarelli").

---

[1] Plaintiff is filing this case under pseudonym as a victim of sexual violence. Defendants know her identity.

3. Specifically, Jane Doe complained to administrators with Houston County about unwanted and improper sexual advances by Bucciarelli multiple times prior to 2023. Jane's concerns were not heeded. In one instance Mark Beal, an employee of Houston County Board of Education, responded to Jane's concerns by stating, "This is not the appropriate time to cry and be emotional."

4. After warning her employer of Bucciarelli's harassment, Jane Doe was raped twice on the grounds of Houston County Middle School.

5. Bucciarelli was indicted by a Tennessee Grand Jury on April 15, 2024, for two counts of rape and one count of sexual battery for the acts committed against Jane Doe.

6. Despite these facts, Houston County has suspended Jane Doe indefinitely and without pay since July of 2023. She has not been reinstated.

## PARTIES

7. The Plaintiff, Jane Doe ("Ms. Doe" or "Plaintiff"), is a citizen of Tennessee and a resident of Montgomery County. Ms. Doe is a teacher, a frequent pageant winner, a cheerleading coach, and a doctoral candidate. She is also a dedicated administrator for Houston County Middle School.

8. Defendant Corey Bucciarelli is a citizen and resident of Erin, Tennessee. He can be served at 1140 Clay Thompson Road in Erin, Tennessee, 37061, or wherever he may be found.

9. Defendant Houston County Board of Education is a local body politic and exists under and by virtue of the laws of the State of Tennessee. The Houston County Board of Education is located at 6420 Highway 13 in Erin, Tennessee 37061. Houston County can be served with

process by their attorney Sam Jackson with Spencer, Fane, Bone, McAllester at 511 Union Street, Suite 1000 in Nashville, Tennessee, 37219.

10. During the relevant time frame, Mark Beal was the Assistant Director of Schools and Federal Program Supervisor.

11. During the relevant time frame, Kris McAskill was the Director of Schools.

12. During the relevant time frame, Andre Martin was the Principal of Houston County Middle School.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this action pursuant to Tenn. Code Ann. § 16-11-101 *et seq.*, Tenn. Code Ann. § 29-14-102.

14. This is an action for violations of state law and unlawful employment practices brought under Tennessee common law (Counts I-V); the Tennessee Human Rights Act, T.C.A. § 4-21-101 *et seq.* ("THRA") (Count VI, VII) and the Tennessee Public Employee Political Freedom Act, Tenn. Code Ann. § 8-50-601 *et seq.* ("PEPFA") (Count VIII); 42 U.S.C. § 1983 / Deprivation of Procedural and Substantive Due Process (Count IX); and Tennessee Teacher Tenure Act T.C.A. § 49-5-501, *et. seq*. (Count X).

15. Because the actions giving rise to Plaintiff's Complaint arose in Houston County, venue is proper pursuant to Tenn. Code Ann. § 20-4-101(a).

## FACTS

16. Ms. Doe is a lifelong resident of Tennessee. She has strived for years to make the school system she grew up in, Houston County, a better place for children. She is a former teacher who went on to work in school administration, a cheer coach, and a beloved role model to many children in the area.

17. Defendant Bucciarelli was hired to teach at Houston County Middle School just before the 2021-2022 school year began. Jane Doe was already employed at Houston County Middle School when Bucciarelli was hired.

18. On multiple occasions prior to April, 2023, Bucciarelli made unwanted sexual advances towards Jane Doe. These unwanted advances included inviting her over to have intercourse with Bucciarelli and his spouse, making lewd comments about Jane Doe's attire at work, and sending her inappropriate text messages insinuating the two should engage in sexual activity.

19. On February 22, 2022, Defendant Bucciarelli cornered Jane Doe in the library and verbally berated her about a personal matter. This verbal berating was witnessed by Sylvia Ferrell, an employee of Defendant Houston County.

20. On February 23, 2022, Mrs. Martin informed Ms. Doe via text that "I don't think meeting with him (Mr. Bucciarelli) alone ever again is a good idea. Especially if he makes you feel uncomfortable."

21. On February 28, 2022, Jane Doe met with two school administrators, Mark Beal and Mrs. Andrea Martin, to discuss Bucciarelli's unwanted sexual advances. Mark Beal is the Assistant Director of Schools and Federal Program Supervisor with Houston County Middle School. Andrea Martin is the principal of Houston County Middle School. Both are employees of Defendant Houston County.

22. This meeting was emotional for Jane Doe, because she had never been subjected to sexual harassment before and discussing it became difficult. During this meeting, Jane Doe began crying. Mark Beal berated Jane Doe for almost ten minutes. He made statements such as, "If you have something to say, you need to dry it up and speak," and, "It is clear you cannot emotionally

handle being an administrator." Beal then exited the meeting because, according to him, it "was going nowhere."

23. When Mr. Beal exited the room, Ms. Doe began to cry sob uncontrollably from feelings of embarrassment, intimidation, and fear.

24. Jane Doe went to Mrs. Martin on multiple occasions after the meeting to inform her about the unwanted conduct of Bucciarelli.

25. On March 1, 2022, Mr. Bucciarelli charged into the school library and demanded that Ms. Doe "hang up the damn phone" with the Tennessee Education association Representative to whom she was discussing a cease-and-desist letter regarding Mr. Bucciarelli. Ms. Doe became so distressed by Mr. Bucciarelli's threatening behavior that she texted Mrs. Martin, "Help" and asked that Mrs. Martin bring her medication for a Panic Attack.

26. Ms. Martin said she would inform Ms. McAskill of the situation; however, Ms. Doe was never informed of any outcome.

27. On January 6, 2023, Jane Doe spoke with the Director of Schools, Ms. Kris McAskill. McAskill is an employee of Houston County. In that conversation, Doe informed McAskill that she felt uncomfortable around Defendant Bucciarelli. During this same conversation Doe stated that she felt as if Bucciarelli was stalking her and that she could not perform her duties effectively because of her ongoing efforts to avoid contact with Bucciarelli.

28. Bucciarelli was never disciplined for his conduct related to Jane Doe.

29. Less than two weeks following their January 6, 2023 meeting, Mr. Bucciarelli sexually assaulted Ms. Doe when he cornered her in the girls softball locker room and forcefully kissed her and groped her breasts without her consent. When Ms. Doe attempted to push Mr.

Bucciarelli away, he grabbed her, threatened her and then forced her to walk into another locker room, where he, again, forced himself on Ms. Doe without her consent.

30. Upon information and belief, other employees with Houston County Middle School have made complaints about Bucciarelli concerning unwanted sexual advances.

31. On April 19, 2023, while monitoring students in the gym, Mrs. Marin ordered Ms. Doe to go alone and retrieve Mr. Bucciarelli. As instructed, Ms. Doe went to Mr. Bucciarelli's office and told him that Mrs. Martin wanted him. As she turned to leave, Mr. Bucciarelli slapped Ms. Doe on the rear end.

32. During school hours on April 25, 2023, Jane Doe went to Bucciarelli's office, after being instructed by Mrs. Martin to drop off documentation for the school basketball teams. This was a requisite part of her duties.

33. On that date, Bucciarelli pulled Jane Doe into his office, shut the door trapping Jane Doe, and raped her.

34. On the same day, Jane Doe was wearing a multi-week heart monitor which included wires and leads connected to her skin using a strong adhesive. During the course of Bucciarelli's rape, two of these leads were ripped from their respective electrodes which remained attached to Jane Doe's skin.

35. As Jane exited Bucciarelli's office after the attack, two witnesses noticed these leads hanging out from under Jane's dress.

36. On May 16, 2023, Jane was in the school gym near Bucciarelli's office after Mrs. Martin required her to deliver the summer athletic schedule. On that date, Bucciarelli lured Jane into his office and raped her again. The dress Plaintiff was wearing on that day is currently in the possession of the Tennessee Bureau of Investigation.

37. During both of these rapes, Jane begged Bucciarelli to stop and attempted to physically get him away.

38. On or around May 26, 2023, Bucciarelli's teaching contract was "non-renewed" by Houston County Middle School. The non-renewal of a teacher's contract is the functional equivalent of firing the teacher.

39. Ms. Doe was asked by Mr. Mark Beal to attend and be witness to the "non-renewal" conversation with Mr. Bucciarelli. When Ms. Doe refused, both she and Mrs. McAskill were summoned to Mr. Beal, where he proceeded to berate Ms. Doe. Mr. Beal asked her, "Are you stupid?" and that Ms. Doe could not emotionally handle being an administrator.

40. Two months later, an investigation was opened by Houston County Schools to determine whether Jane Doe engaged in inappropriate conduct against Corey Bucciarelli and/or Ashlie Bucciarelli, who is Corey's spouse and a former Houston County employee. The allegations against Jane Doe were dubiously brought by either Corey and/or Ashlie Bucciarelli.

41. On July 12, 2023, Mrs. Martin informed Ms. Doe that Mrs. McAskill did not care if Ms. Doe and Mr. Bucciarelli had had an inappropriate relationship or affair, and that such behavior was not why they had fired him in the first place. Mrs. Martin found this entirely amusing and even laughed. Ms. Doe began to cry as she realized that none of her concerns regarding Mr. Bucciarelli had even been taken seriously.

42. On July 13, 2023, Jane Doe was informed that she was being suspended.

43. On or about July 25, 2023, Jane met with school administrators and Houston County's attorney to discuss allegations that had been raised against her. At that meeting, Jane revealed to those in attendance of the multiple rapes by Bucciarelli. Jane had attempted to report Bucciarelli on several occasions but was ignored The meeting ended shortly after this came to light

and that after Mrs. McAskill and Mr. Jackson had reviewed my documentation, Jane would be brought in for questioning as soon as possible.

44. Following the meeting with school administrators, Jane Doe filed a report with Sheriff Kevin Sugg concerning the rapes by Mr. Bucciarelli.

45. On August 2, 2023, Mrs. McAskill and Mr. Beal informed Ms. Doe that she was being reinstated and reassigned to the Huston County Alternative School because the middle school was considered a "crime scene." Ms. Doe expressed concerns that such a transfer was unfair and that she did not feel supported by the Houston County School District. Mr. Beal stated, "we are not worried about your feelings. You cannot put your feelings in this job. If I am not mistaken, we tried to support you before when you asked for a meeting in 2022. You could have spoken up since then."

46. Mrs. MacAskill said that the reassignment would last until the local investigation was over, and that only then would the school's own investigation continue.

47. Mr. Beal ended the meeting by coldly stating, "Don't take this the wrong way, but if what you are saying is true, the police will move forward with formal charges against Mr. Bucciarelli."

48. On September 28, 2023, Mrs. McAskill amended her prior statement and informed Ms. Doe that her reinstatement would not end when the local investigation was complete, rather it would end when there was a resolution for Mr. Bucciarelli or "we can go back to the suspension."

49. On October 24, 2023, Ms. Doe was informed that she was being indefinitely suspended. She was informed that she was being suspended due to her protected conduct at a Board Order of Protection hearing on October 23, 2023, as well as the criminal case against Mr. Bucciarelli. However, she was not provided any information regarding her legal duties, rights or,

recourse. Ms. Doe was unaware that she had a right to a full and complete hearing on the charges afforded to her by the Houston County Board Policy.

50. After engaging in protected activity by reporting the rapes to administrators of the Houston County Board of Education, as well as to elected official Sheriff Suggs, under the guise of the criminal investigation concerning the rapes, Houston County Schools suspended Jane Doe without pay. Jane Doe has been suspended without pay since October 2023, nor received any of her backpay from August 2023. The suspension has resulted in a "flag" on her file and Ms. Doe has been unable to bring her case before the Educator Licensure Discipline Case Review Committee because Houston County has refused to provide information the Review Committee needs and has requested since April 2024.

51. The criminal investigation into the events surrounding the rape of Jane Doe is complete.

52. On April 15, 2024, a Houston County Grand Jury indicted Mr. Bucciarelli on two counts of rape and one count of sexual battery.

53. Mr. Bucciarelli was arrested on April 15, 2024, for these same charges.

54. Since the arrest and close of investigation, Houston County has refused to return Ms. Doe to work without any explanation other than to claim there is still an open criminal investigation, which is patently wrong.

55. To the extent Houston County claims there is still an open investigation against Ms. Doe, any investigation against Ms. Doe should have been completed within 90 days pursuant to T.C.A. § 49-5-511 because she is not under criminal investigation, nor has she been notified charges have been or will be brought against her that could give rise to her termination.

56. To date, no written charges have been brought against Ms. Doe to the Board of Education.

57. In addition to the suspension, Ms. Doe has been notified by the Tennessee Consolidated Retirement System ("TCRS") that it was provided information she is no longer an employee of the TCRS. She has attempted to get clarity on what this communication means, but has received no information and Houston County has continued to refuse to provide her information.

58. Due to her indefinite, retaliatory suspension, Ms. Doe has been banned from school activities and premises and has been unable to even attend graduation of her students and otherwise participate in meaningful school activities. In addition, for nearly a year, Ms. Doe has been

59. As a result of the assault, battery and subsequent blaming, shaming and indefinite suspension, Ms. Doe has experienced severe trauma responses related to the emotional distress including anxiety, depression, insomnia and hypo-somnia which has required medical treatment. In addition to the physical injury related to the rapes, Ms. Doe has experienced physical manifestations of her emotional injuries including breathing difficulty related to panic attacks, hives and rashes.

### CAUSES OF ACTION

### COUNT I
### Battery – Against Defendant Bucciarelli

60. Ms. Doe reincorporates and realleges the foregoing allegations as if fully set forth herein.

61. Ms. Doe did not consent to have sexual intercourse with Corey Bucciarelli on April 15, 2023 or May 16, 2023.

62. Despite this lack of consent, Bucciarelli physically held Jane Doe down, and raped her on the aforementioned dates.

63. The sexual penetration of Bucciarelli was unwanted, uninvited, and unrequested.

64. As a result of these rapes, Jane Doe was physically violated by Bucciarelli and has suffered economic damages, nominal damages, and noneconomic damages including but not limited to loss of earnings, emotional suffering, and humiliation.

## COUNT II
## Outrage – Against Defendant Bucciarelli

65. Ms. Doe reincorporates and realleges the foregoing allegations as if fully set forth herein.

66. The rapes by Defendant Bucciarelli were intentional and/or reckless.

67. Unwanted sexual contact by a man against a woman is not tolerated by a civilized society.

68. The rapes by Bucciarelli were forms of unwanted sexual contact.

69. As a result of these rapes, Ms. Doe has suffered economic damages, nominal damages, and noneconomic damages including but not limited to loss of earnings, emotional suffering, and humiliation.

## COUNT III
## Negligent Hiring – Against Houston County

70. Ms. Doe reincorporates and realleges the foregoing allegations as if fully set forth herein.

71. Houston County has a duty to hire teachers who are fit to work in an environment with people of the opposite sex.

72. Houston County breached that duty when it hired Corey Bucciarelli to work at Houston County

73. Houston County knew, or through reasonable due diligence should have known, that Bucciarelli had a history of improper conduct toward women in the workplace, presumably in other Tennessee schools.

74. Houston County's failure to conduct their due diligence into the Bucciarelli's background allowed him access to Houston County Middle School, where he eventually raped Jane Doe.

75. Bucciarelli's conduct while employed with Houston County Middle School, including but not limited to the aforementioned rapes, caused Jane Doe to suffer economic damages, nominal damages, and noneconomic damages including but not limited to loss of earnings, emotional suffering, and humiliation.

## COUNT IV
## Negligent Retention – Against Houston County

76. Ms. Doe reincorporates and realleges the foregoing allegations as if fully set forth herein.

77. Houston County has a duty to appropriately discipline employees who violate school policies. This duty was in place during the entire time Bucciarelli was employed at Houston County Middle School.

78. Multiple individuals employed by Houston County were aware of the unwanted advances by Bucciarelli prior to the rapes. The individuals include but are not limited to Ms. Kris McAskill and Ms. Andrea Martin.

79. Despite this knowledge, Bucciarelli was not disciplined for his improper conduct toward Jane Doe prior to the rapes.

80. Because he was not disciplined by Houston County, Bucciarelli was empowered to push the boundaries of his unwanted conduct which ultimately resulted in the rape of the Plaintiff.

81. As a result of the Houston County's actions and/or inactions, Jane Doe has suffered and continues to suffer economic damages, nominal damages, and noneconomic damages including but not limited to loss of earnings, emotional suffering, and humiliation.

## COUNT V
### Negligence – Against Houston County

82. Ms. Doe reincorporates and realleges the foregoing allegations as if fully set forth herein.

83. Houston County employees knew of the unwanted sexual advances Bucciarelli made toward Plaintiff in the months preceding her rape.

84. The knowledge held by Houston County employees gave rise to their duty to act as employers to discipline and deter Bucciarelli from further action against Plaintiff.

85. Houston County employees breached this duty by doing nothing.

86. Had Houston County employees acted on their knowledge of Bucciarelli, Jane Doe likely would not have been raped.

87. Houston County is vicariously liable for the actions and inactions of its employees, including Defendant Bucciarelli.

88. Plaintiff was raped on school grounds.

89. The failure of Houston County to act to prevent Bucciarelli from harassing and eventually raping Plaintiff caused her to suffer economic damages, nominal damages, and noneconomic damages including but not limited to loss of earnings, emotional suffering, and humiliation.

## COUNT VI

### Sex Harassment under the THRA against Defendant Houston County

90. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

91. Plaintiff was subjected to a continuing and on-going campaign of subjectively and objectively severe and pervasive harassment in Defendant's workplace because of her sex, female.

92. Defendant Houston County knew or should have known of the sexually hostile work environment Plaintiff was subjected to because she told administrators and managers about it, they witnessed sexually harassing behavior first-hand and upon information and belief, other female employees complained about Bucciarelli.

93. Defendant failed to remedy and/or prevent sex harassment in the workplace in a prompt and effective manner.

94. Defendant is vicariously liable for the sexually hostile work environment and severe sexual harassment perpetrated by Bucciarelli, and is liable for failing to remedy sex harassment in the workplace.

95. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

### COUNT VII
### Retaliation under THRA- against Defendant Houston County

96. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

97. It is the public policy and law of the State of Tennessee that employees must be able to exercise their rights under state and federal law without fear of reprisal or penalty from an employer.

98. Contrary to the public policy and law of the State of Tennessee, as well as in violation of the THRA, Plaintiff was retaliated against for objecting to and complaining about

Defendant's failure to prevent and remedy sexual harassment, assault and battery from taking place in the workplace.

99. As a result of Plaintiff's protected conduct, she was demoted and moved to another school and put on indefinite suspension in retaliation for the exercise of her rights to oppose assault, battery and sexual harassment taking place in the workplace.

100. As a result, Plaintiff has been damaged and is entitled to recover damages for suffering emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

## Count VIII
## Violation of PEPFA- Against Houston County

101. Plaintiff restates and incorporates herein the foregoing paragraphs.

102. Plaintiff's exercise of her right to communicate with elected and other public officials, including the Sheriff of Houston County, was a substantial or motivating factor in her discipline, suspension and constructive discharge.

103. Defendant took disciplinary action, threatened to take disciplinary action or otherwise discriminated against Plaintiff in violation of the PEPFA.

104. Defendant's conduct was intentional, reckless, malicious, and/or fraudulent.

105. Defendant's conduct harmed and caused damage to Plaintiff.

## Count IX
## Violation of 42 U.S.C. § 1983 /Deprivation of Procedural and Substantive Due Process – Against Houston County, Deal, McAskill, Martin

106. Plaintiff restates and incorporates herein the foregoing paragraphs.

107. Defendant deprived Plaintiff of her procedural and substantive due process rights afforded by not only by Houston County Board Policy, but other Tennessee law, including the

Tennessee Teacher Tenure Act, and the Fourteenth Amendment of the United States Constitution, respectively, in violation of § 1983 and the Fourteenth Amendment.

108. Defendant's conduct was undertaken with malice and reckless disregard for or complete indifference to Plaintiff's federally protected rights.

109. Defendant's conduct not only caused harm and damage to Plaintiff but also continues to cause harm and damage to Plaintiff.

**Count X**
**Violation of Tennessee Teacher Tenure Act**
**– Against Houston County**

110. Plaintiff restates and incorporates herein the foregoing paragraphs.

111. Plaintiff is an educator in Tennessee who has attained tenure status.

112. Defendant violated the Tennessee Teacher Tenure Act, T.C.A. § 49-5-501, *et seq*.

113. Defendant failed to give Plaintiff notice of any charges against her.

114. Defendant wrongfully suspended Plaintiff for the crimes she reported that were perpetuated against her.

115. Defendant did not return Plaintiff to work after 90 days.

116. Defendant failed to inform Plaintiff of her appeal or hearing rights under the TTTA.

117. If Defendant has terminated Plaintiff, per the TCRS letter she received, she received no notice, no hearing or even the most basic information if that is the case.

118. Accordingly, Plaintiff is owed damages under TTTA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Ms. Doe respectfully requests:

1. That proper process be issued and served upon Defendants and the Defendants be required to appear and answer the Complaint within the time required by law;

2. A jury of six (6) be empaneled to try this cause;

3. That the Plaintiff be awarded judgment against the Defendants, jointly and severally, for compensatory damages, loss of income, emotional damages, back pay, front pay, and interest;;

4. A declaratory judgment reinstating Jane Doe to her administrative position within Houston County Middle School;

5. That the costs of this action be taxed to the Defendants;

6. Attorneys' fees and Costs; and

7. That this Court award the Plaintiff all other, further, and general relief to which the Plaintiff is entitled.

Dated: July 11, 2024

Respectfully submitted,

*/s/ Isaac U. Kimes*
J. Gerard Stranch, IV, BPR #23045
Isaac U. Kimes, BPR #031191
R. Caleb Harbison, BPR #040261
Stranch, Jennings & Garvey, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: 615-254-8801
Fax: 615-255-5419
gstranch@stranchlaw.com
ikimes@stranchlaw.com
charbison@stranchlaw.com

*/s/ Heather Moore Collins*
Heather Moore Collins BPR# 026099
Ashley S. Walter BPR #037651
HMC Civil Rights Law PLLC
7000 Executive Center Drive #320

Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been served via electronic mail on July 11, 2024, to counsel of record:

Christopher C. Hayden
Sellers, Craig & Hayden, Inc.
P.O. Box 10547
Jackson, TN 38308
(731) 300-0737
chris@schofcounsel.com
*Attorney for Defendant Houston County Board of Education*

Ania Lynn Vinson Coffinberry
Vinson & Coffinberry, P.C.
P.O. Box 251
Erin, TN 37061
(931) 289-3950
(931) 289-4000
lcoffinberry@vinsonlawfirm.com
*Attorney for Defendant Corey Bucciarelli*

/s/ *Heather Moore Collins*
Heather Moore Collins