IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| Plaintiff, | ) |
| v. | ) |
| COREY BUCCIARELLI, HOUSTON COUNTY BOARD OF EDUCATION, KRIS MCASKILL, officially and individually, MARK BEAL, officially and individually, ANDREA MARTIN, officially and individually, | ) ) ) ) Case No. 3:24-cv-00974 ) Judge Aleta A. Trauger ) |
| Defendants. | ) |
| COREY BUCCIARELLI, | ) |
| Counter-Plaintiff, | ) |
| v. | ) |
| JANE DOE, | ) |
| Counter-Defendant. | ) |

## **MEMORANDUM and ORDER**

Before the court is plaintiff Jane Doe's Motion for Protective Order. (Doc. No. 48.) For the reasons set forth herein, the motion will be granted in part.

**I.    BACKGROUND**

The plaintiff's motion primarily seeks limitations on the discovery of her past sexual history under Federal Rule of Evidence 412, but it also requests the designation of sensitive medical, financial, and other private information as "Confidential" and guidelines for maintaining the confidentiality of such material. (Doc. No. 48 at 1.) In addition, however, the plaintiff asserts that she "continues to experience extreme trauma" due to the sexual assault, harassment, and

retaliation alleged in this lawsuit. Apparently in relation to this alleged trauma, the plaintiff also seeks to impose narrow limitations on her deposition, particularly including that (1) none of the individually named defendants will attend her deposition in person; (2) defendant Bucciarelli will not attend any "discovery proceeding" unless counsel provides at least five days' notice to plaintiff's counsel; (3) "the room shall be cleared" except for attorneys of record when the plaintiff is asked medical questions or questions about the trauma(s) at issue during her deposition; and (4) the plaintiff will have the option of having a support person, such as a therapist, close friend or relative, present at her deposition. (*Id.* at 8–9.) The proposed Protective Order attached to the motion also would require the defendants to confer with the plaintiffs prior to the issuance of any third-party subpoenas. (Doc. No. 48-1, Proposed Prot. Order ¶ 4.)

Defendant Houston County Board of Education ("Houston County" or the "County") opposes the motion in part.[1] It particularly objects to proposed limits on discovery related to the plaintiff's past sexual history, arguing that the plaintiff's broadly worded request would prevent it from inquiring even into the events giving rise to this lawsuit. (*See* Doc. No. 52 at 4 (protesting that "the Plaintiff's requested discovery restrictions" would "prohibit[] any inquiry into sexual topics involving the Plaintiff including the very one she has put at issue with the filing of this lawsuit: whether the sexual contact between herself and [defendant] Bucciarelli was consensual").)

The County also contends that "no defendant has indicated any desire to delve into Plaintiff's general sexual history or conduct" but that the broad relief the plaintiff seeks is not appropriate at the discovery stage. (*Id.*) In particular, the County notes that the plaintiff's proposed limitation would prohibit discovery about whether the plaintiff engaged in an inappropriate

---

[1] The three school administrators sued in their individual capacity join in Houston County's Response in Opposition to the Motion for Protective Order. (Doc. No. 53.)

relationship with a student prior to the incident involving Bucciarelli, a matter that Houston County was investigating at the time of the plaintiff's resignation.[2] (*Id.* at 5.) The County contends that Rule 412 pertains to the admissibility of evidence at trial, not limitations on discovery, and that it should be able to inquire about this other purported relationship. (*Id.* at 6.)

Further, Houston County objects to the plaintiff's proposed restrictions that would "prohibit the very individuals . . . that she sued from participating in her deposition questioning" and would put unnecessary restrictions on the issuance of third party subpoenas. (*Id.* at 7.) Otherwise, Houston County states that it has no objection to the "relief requested within the Plaintiff's motion that tracks in line with that of a typical protective order as to the duties of the parties to keep confidential certain information pertaining to Doe." (*Id.*)

Defendant Corey Bucciarelli also opposes the motion. (Doc. No. 54.) Unlike Houston County, Bucciarelli acknowledges that courts have applied Rule 412 to limit discovery into past sexual history "when necessary to protect the rationale of the rule." (*Id.* at 3 (citing *T.C on Behalf of S.C. v. Metro. Gov't*, No. 3:17-CV-01098, 2018 WL 3348728, at *8 (M.D. Tenn. July 9, 2018) (Newbern, M.J.)).) He argues, however, that such evidence is discoverable when the party seeking the discovery "makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of a particular case, and cannot be obtained except through discovery." (*Id.* (quoting *T.C.*, 2018 WL 3348728, at *8).) *See also* Fed. R. Evid. 412 advisory committee's note to 1994 amendment. He contends that the plaintiff's past sexual conduct is relevant to rebut "specific statements made by Doe" in a related state court proceeding that she is a "modest person uninterested in sex." (Doc. No. 54 at 3–4 (citing Doc. No. 54-1 at 1 (text message exchange

---

[2] The plaintiff alleges that she was either indefinitely suspended or terminated by Houston County. (Doc. No. 1-2, Am. Compl. ¶¶ 54–58.)

between Doe and defendant Martin) and at 3 (hearing transcript excerpt).) Bucciarelli's defense and counterclaims in this case are both premised upon his allegations that he and Jane Doe had a consensual sexual relationship. He argues that an order barring him from inquiring into the plaintiff's sexual history would be harmful to both his defense and his counterclaim, insofar as such an order would prevent him from uncovering evidence that might rebut Doe's claim that her "sexual relations with Bucciarelli could not have been consensual because she is uninterested in sex generally." (*Id.* at 4.)

Like Houston County, Bucciarelli further objects to the breadth of relief sought by the plaintiff, insofar as it could (1) bar him from sharing information he discovers that is "germane to his defense" with his criminal defense attorney; (2) place unreasonable restrictions on his ability to obtain third-party subpoenas; and (3) unreasonably restrict the defendants' rights to participate in depositions. (*Id.* at 4–5.)

The plaintiff filed two separate Reply briefs. In the first, she contends that (1) Houston County's Response serves to confirm *why* she needs a protective order under Rule 412, and (2) the proposed limitations on her sexual history "obviously" would not include "the allegations Plaintiff made against Bucciarelli." (Doc. No. 56 at 2.) In the second, the plaintiff objects to Bucciarelli's reliance on an excerpt of the transcript of a hearing on the plaintiff's state court petition for an order of protection, and she contends that Bucciarelli does not offer any legal argument as to why the plaintiff's motion should not be granted. (Doc. No. 57 at 1–2.)

## II. LEGAL STANDARD

"'The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.'" *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 593 (6th Cir. 2014) (quoting *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). "However, when a plaintiff asserts a claim of sexual harassment, the parameters of discovery have long been narrowed by the courts'

interest in guarding against attempts to 'harass, intimidate, and discourage the plaintiff in her efforts to prosecute her cause.'" *T.C.*, 2018 WL 3348728, at *8 (quoting *Priest v. Rotary*, 98 F.R.D. 755, 761 (N.D. Cal. 1983)); *see also AFT Mich. v. Project Veritas*, No. CV 17-13292, 2023 WL 2890152, at *4 (E.D. Mich. Apr. 10, 2023) ("Protective orders are useful to prevent discovery from being used as a club by threatening disclosure of matters which will never be used at trial." (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Apart from the court's power to enter protective orders to prevent harassment, Federal Rule of Evidence 412 bars the admission of "(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition" in proceedings involving alleged sexual misconduct. Fed. R. Evid. 412(a). The rationale behind Rule 412 (and similar state "rape shield" laws) "is that evidence of a rape victim's prior sexual activity is of dubious probative value and relevance and is highly embarrassing and prejudicial" and can be "used to harass the prosecuting victim." *Bell v. Harrison*, 670 F.2d 656, 658 (6th Cir. 1982). The purpose of Rule 412 is to "safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details" and to "encourage[] victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders." *United States v. Sampson*, No. 21-CR-20732, 2024 WL 233212, at *6 (E.D. Mich. Jan. 22, 2024) (quoting Fed. R. Evid. 412 advisory committee's mote to 1994 Amendment). In a civil case, evidence of an alleged victim's past sexual conduct is admissible only if "its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. The court may admit evidence of a victim's reputation only if the victim has placed it in controversy." Fed. R. Evid. 412(b)(2).

Although Rule 412 is an evidentiary rule that addresses the *admissibility* of evidence rather than its *discovery*, the accompanying advisory committee's note recognizes that, "[i]n order not to undermine the rationale of Rule 412[,] . . . courts should enter appropriate orders pursuant to Fed. R. Civ. P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality." Fed. R. Evid. 412 advisory committee's note to 1994 amendment. To that end, the advisory committee's note directs that "[c]ourts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery." *Id.* That is, although Rule 412 does not expressly pertain to discovery, courts "routinely recognize that Rule 412 limits the scope of discovery into a litigant's sexual history in a civil action." *T.C.*, 2018 WL 3348728, at *8 (collecting cases).

Thus, in considering a plaintiff's motion for a protective order under Rule 26(c) in light of Rule 412's instruction, the court must determine whether the plaintiff's sexual history is relevant to the claims and defenses raised in this case. *See id.*

### III. DISCUSSION

As set forth above, both Houston County and Bucciarelli contend that evidence of the plaintiff's past sexual history is relevant and discoverable, albeit for different reasons. Houston County contends that the plaintiff's history is relevant to permit it to explore allegations that the plaintiff was engaged in an inappropriate relationship with a student. Bucciarelli contends that the plaintiff has put her reputation at issue, as well as her proclivity to engage in sexual relations, by characterizing herself in state court order of protection proceedings as someone who is not interested in sex generally and therefore would not have engaged in a sexual relationship with a colleague.

As for Houston County's contention, the question of whether the plaintiff engaged in an inappropriate relationship with a student could only be relevant in this case to show that the plaintiff has a proclivity to engage in inappropriate sexual relationships, thus making it more likely that she engaged in a consensual relationship with Bucciarelli. This line of inquiry clearly implicates Rule 412 and the rationale behind it. *Accord T.C.*, 2018 WL 3348728, at *9 ("The logic supporting MNPS' theory of relevance—that a plaintiff's private sexual history has some bearing on whether unrelated sexual contact was wanted—is hollow, as many courts before this one have found." (collecting cases)). Houston County may not use this lawsuit as a means to investigate allegations against the plaintiff unrelated to the claims in this lawsuit.

Bucciarelli's arguments carry slightly more weight. If the plaintiff presents evidence at trial that she does not like sex to support her claim that she did not enter into a consensual relationship with Bucciarelli, and Bucciarelli has not been permitted to conduct discovery to explore that contention, he could be prejudiced at trial in defending against the plaintiff's theory. On the other hand, if he is permitted to conduct discovery but that issue never comes up at trial, the plaintiff may have been unnecessarily subjected to potentially embarrassing discovery of her sexual history.

To strike a balance in this situation, the court will bar discovery of the plaintiff's past sexual history. Obviously, Houston County's objections aside, this order will not preclude discovery related to the alleged sexual relationship between Doe and Bucciarelli that is the crux of this case. However, if the plaintiff opens the door at trial to this arena by testifying on direct examination that she is generally disinterested in sex, the court will order a recess for the purpose of reopening her deposition to permit discovery into this allegation, if necessary.

While the court finds that the plaintiff is entitled to a limited protective order under Federal Rule of Evidence 26, in light of Federal Rule of Evidence 412(a), she has not supported her

requests for the other restrictions laid out in the proposed protective order. Specifically, she has provided no support for the proposed restrictions on the defendants' right to participate in depositions and other discovery or their right to obtain third-party subpoenas. The court will deny the motion insofar as it seeks these restrictions.

Aside from their objections to the aspects of the plaintiff's proposed protective order addressed above, the defendants do not object to a protective order that is otherwise in line with standard protective orders requiring parties to keep confidential information confidential. The parties, therefore, should work together to structure an agreed protective order.

## IV. CONCLUSION AND ORDER

The plaintiff's motion (Doc. No. 48) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED**, insofar as it seeks to bar discovery of "other sexual behavior" as contemplated by Rule 412. The defendants **SHALL NOT** inquire in discovery about the plaintiff's sexual history, aside from questions relating to her alleged relationship with defendant Bucciarelli. The motion is **DENIED**, insofar as it seeks to limit the defendants' rights to seek third-party subpoenas and to participate in discovery.

The court declines to rule on the other aspects of the plaintiff's motion. Insofar as the parties are in agreement that a protective order is necessary and appropriate to specify what discovery produced in this case should be deemed confidential and how to maintain their confidentiality, the parties should work together to draft and submit a proposed agreed protective order. Should they be unable to agree on all aspects, another motion may be filed so that the court may resolve their differences.

It is **SO ORDERED**.

ALETA A. TRAUGER
United States District Judge